J-S86001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ERIC RAMBERT | : | |
| Appellant | : | No. 90 WDA 2015 |

Appeal from the PCRA Order December 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002765-1987

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 29, 2016**

Appellant, Eric Rambert, appeals *pro se* from the December 19, 2014, order entered in the Court of Common Pleas of Allegheny County dismissing his serial petition filed under the PCRA.[1] We affirm.

The relevant facts and procedural history are as follows: On January 27, 1987, a fire broke out at a state correctional institution where Appellant was an inmate. As a correctional officer attempted to unlock cells and direct inmates to the yard, Appellant struck the officer from behind, with several other inmates joining in the attack. The prisoners beat the correctional

_____

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

*Former Justice specially assigned to the Superior Court.

officer into unconsciousness and he later required more than seventy-five stitches.

A jury convicted Appellant of assault by a prisoner, riot, and conspiracy, and on November 10, 1987, the trial court sentenced Appellant to an aggregate of six years to twenty-five years in prison. On November 30, 1988, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Rambert*, 1710 Pittsburgh 1987 (Pa.Super. filed 11/30/88) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Thereafter, Appellant filed serial PCRA petitions, including one filed on July 9, 2012. The PCRA court dismissed the petition, and on appeal, this Court affirmed the dismissal. *See Commonwealth v. Rambert*, No. 320 WDA 2013 (Pa.Super. filed 11/12/13) (unpublished judgment order). Specifically, we concluded that there was no indication Appellant was still serving a sentence for the convictions at issue, and thus, it appeared he was ineligible for PCRA relief. *See id.* at 2. Alternatively, we concluded that Appellant's PCRA petition was untimely filed, and Appellant did not meet his burden of proving that any of the timeliness exceptions applied. *See id.* at 2-3.

On May 15, 2014,[2] Appellant filed the instant PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss the petition without a hearing. Appellant provided a *pro se* response, and by order filed on December 19, 2014, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion.[3]

Preliminarily, we note that, in order to be eligible for relief under the PCRA, Appellant must demonstrate that he is currently serving a sentence of imprisonment, probation, or parole for the convictions at issue. **See** 42 Pa.C.S.A. § 9543(a)(1)(i). Instantly, the trial court sentenced Appellant on November 10, 1987, to six years to twenty-five years in prison. "Nothing in the record indicates Appellant is still serving the sentence for the convictions at issue. Therefore, Appellant appears to be ineligible for PCRA relief." **Rambert**, No. 320 WDA 2013, at 2 (citation omitted).

---

[2] Although Appellant's PCRA petition was docketed on May 28, 2014, we shall deem it to have been filed on May 15, 2014, when it was handed to prison authorities. **See generally Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa.Super. 2012).

[3] "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Alternatively, we conclude Appellant's instant PCRA petition was untimely filed. Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Instantly, there is no dispute that Appellant's current petition is facially untimely. This Court affirmed Appellant's judgment of sentence on November 30, 1988, and Appellant did not file a petition for allowance of appeal. However, Appellant did not file the instant PCRA petition until May 15, 2014. Thus, the petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Appellant attempts to invoke the governmental interference and/or the newly-discovered facts exceptions.[4] In this vein, he argues that he recently discovered in the "volumes of legal documents" that two of the victim's

---

[4] We are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003) (citation omitted). It merits mentioning that Appellant's *pro se* brief is disjointed and difficult to read.

statements, dated January 27, 1987, and January 28, 1987, which he gave to Pennsylvania state troopers, contained exculpatory evidence. Appellant avers that the Commonwealth committed a ***Brady***[5] violation in failing to turn over the statements prior to Appellant's trial.

To the extent Appellant's argument touches upon the governmental interference exception of Subsection 9545(b)(1)(i), we note that, to establish the exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 596 Pa. 219, 941 A.2d 1263, 1268 (2008) (citation omitted).

To the extent Appellant's argument touches upon the newly-discovered facts exception of Subsection 9545(b)(1)(ii), we note that, to establish the exception, the petitioner must prove (1) the fact was unknown to him and (2) the fact could not have been ascertained previously by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264 (2007).

With regard to due diligence, we are guided by the following: "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the

---

[5] ***Brady v. Maryland***, 83 S.Ct. 1194 (1963).

new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citations omitted).

In the case *sub judice*, assuming, *arguendo*, Appellant presented his claim within 60-days of when he first learned of the victim's statements, ***see Walters***, ***supra***, we conclude Appellant has failed to demonstrate the necessary due diligence to invoke either the governmental interference or newly-discovered facts exception. Simply put, inasmuch as Appellant admits in his brief that trial counsel knew of the statements during trial, and Appellant discovered the statements simply by reading the "volumes of legal documents," Appellant has not explained why he could not have learned of the existence of the victim's statements earlier with the exercise of due diligence.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016

- 7 -